**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENG CHAN, | No. 18-15412 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-06268-EJD |
| v. | |
| TIME WARNER INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Peng Chan appeals from the district court's order denying his post-judgment motion under Federal Rule of Civil Procedure 59(e) in his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying Chan's Rule 59(e) motion because it was untimely and Chan failed to set forth any basis for relief. *See* Fed. R. Civ. P. 59(e) (motion must be filed no later than 28 days after entry of the judgment); *Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for relief under Rule 59(e)).

We do not consider the district court's order denying Chan's motions for recusal and reconsideration, and dismissing the action, because the order is outside the scope of this appeal and the notice of appeal is untimely as to that order.  *See* Fed. R. App. P. 3(c) (required contents of notice of appeal), 4(a)(4)(A)(iv) (a Rule 59(e) motion extends the time to file an appeal if timely filed); *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17-18 (2017) (a time limit not prescribed by Congress is a mandatory claim-processing rule and if properly invoked, must be enforced); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (Fed. R. App. P. 4(a)(4) is a mandatory claim-processing rule under *Hamer*).

All pending motions and requests are denied.

**AFFIRMED.**

18-15412